UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

| CLARENCE A. STOKES, | ) | |
|---|---|---|
| Plaintiff, | ) | |
| v. | ) | Case No. 1:08-cv-90 |
| COMMISSIONER OF SOCIAL SECURITY, sued as Michael Astrue, Secretary of Health and Human Services, | ) | |
| Defendant. | ) | |

### REPORT AND RECOMMENDATION

Before the district court is a Motion to Dismiss (Docket # 10) filed by Defendant United States (the "Government"), seeking to dismiss this action filed by *pro se* Plaintiff Clarence A. Stokes for lack of subject matter jurisdiction pursuant to Federal Rule of Civil Procedure 12(b)(1). Pursuant to 28 U.S.C. § 636(b)(1)(B), Federal Rule of Civil Procedure 72(b), and Northern District of Indiana Local Rule 72.1(d)(1), District Judge Theresa Springmann referred the appeal to the undersigned Magistrate Judge on May 19, 2008, for the issuance of a Report and Recommendation. (Docket # 6.)

Having reviewed the record, the undersigned Magistrate Judge recommends that the Government's motion be GRANTED. This Report and Recommendation is based on the following facts and principles of law.

*A. Factual and Procedural Background*

Stokes filed this action on April 8, 2008, against "Michael J. Astrue of (Secretary) Health and Human Services"; this Court re-described the Defendant on the docket as "Commissioner of

Social Security, sued as Michael J. Astrue, Secretary of Health and Human Services." (Docket # 1.) Summons were served upon the Department of Health and Human Services, U.S. Department of Justice, and U.S. Attorneys Office for the Northern District of Indiana. (Docket # 4.)

Stokes's Complaint is exceedingly difficult to decipher, as it tangentially mentions numerous issues that he is dissatisfied with. For example, Stokes alleges, among other things, that certain physicians purportedly concealed from him the fact that he had cancer, that he was "defrauded from his employment," that certain disability benefits were "frozen" and that he "lost credits," and that he is "continually being impeded and deprived of his right to earn a living to supplement his [disability] benefits." (Compl. 4.) In fact, it is even unclear whether Stokes intends to sue Health and Human Services (HHS) or the Social Security Administration (SSA), which is an independent federal agency from HHS. *See Oritz v. U.S. Dep't of Health & Human Servs.*, 70 F.3d 729, 732 n.1 (2nd Cir. 1995) (noting that SSA was separated from HHS effective March 31, 1995, "and became an independent agency"). In any event, as far as we can discern, Stokes's myriad complaints seemingly culminate in his request for judicial review of a March 11, 2008, order of the Medicare Appeals Council of HHS, which was attached to his Complaint. (Compl. 4, 5, Attachs.)

### B. Applicable Legal Standard

Federal Rule of Civil Procedure 12(b)(1) "requires a court to dismiss an action when it lacks subject matter jurisdiction." *Durst v. Ill. Farmers Ins. Co.*, No. 05 C 574, 2005 WL 2007221, at *1 (N.D. Ill. Aug. 16, 2005) (citing *United Phosphorus, Ltd. v. Angus Chem. Co.*, 322 F.3d 942, 945 (7th Cir. 2003)). "Without jurisdiction the court cannot proceed at all in any

cause. Jurisdiction is power to declare the law, and when it ceases to exist, the only function remaining to the court is that of announcing the fact and dismissing the cause." *United States v. Tittjung*, 235 F.3d 330, 339 (7th Cir. 2000). If there is no statutory basis for its subject matter jurisdiction, "a district court, which is a court of limited jurisdiction, should proceed no further than determining whether to dismiss or transfer the case." *Baker v. Kingsley*, 387 F.3d 649, 656 (7th Cir. 2004).

With respect to an action against the United States in federal court, a plaintiff "must identify a statute that confers subject matter jurisdiction on the district court and a federal law that waives the sovereign immunity of the United States to the cause of action." *Clark v. United States*, 326 F.3d 911, 912 (7th Cir. 2003). "The United States and its agencies are immune from suit except to the extent it consents to be sued and the terms of its consent define the parameters of a [f]ederal [c]ourt's jurisdiction to entertain suits against it." *Parkey v. Bowling*, No. 3:07-CV-267, 2008 WL 2169007, at *3 (N.D. Ind. May 22, 2008) (citing *United States v. Sherwood*, 312 U.S. 584, 586 (1941)).

"When ruling on a motion to dismiss for lack of subject matter jurisdiction under Federal Rule of Civil Procedure 12(b)(1), the district court must accept as true all well-pleaded factual allegations, and draw reasonable inferences in favor of the plaintiff." *Ezekiel v. Michel*, 66 F.3d 894, 897 (7th Cir. 1995). Nevertheless, the Court need not accept as true "conclusory statements of law or unsupported conclusions of fact." *McLeod v. Arrow Marine Transp., Inc.*, 258 F.3d 608, 614 (7th Cir. 2001). In determining whether it has subject matter jurisdiction, a court "may properly look beyond the jurisdictional allegations of the complaint and view whatever evidence has been submitted on the issue to determine whether in fact subject matter jurisdiction exists."

3

*Ezekiel*, 66 F.3d at 897; *Durst*, 2005 WL 2007221, at *1. "The burden of proof in regards to a Rule 12(b)(1) motion is on the party asserting jurisdiction." *Durst*, 2005 WL 2007221, at *1 (quoting *United Phosphorus*, 322 F.3d at 946).

### *C. Discussion*

As explained *supra*, though it is difficult to discern what relief he actually seeks, Stokes seemingly requests judicial review of a March 11, 2008, order of the Medicare Appeals Council, which is part of HHS. (Compl. 4, 5.) In its order, the Medicare Appeals Council denied Stokes's request for review of an October 9, 2007, decision by an administrative law judge (ALJ), requiring Stokes to pay $200 in connection with a 2007 hospital stay. (Compl. Attachs.)

Stokes's request for judicial review in this instance is futile. As the Notice of Action by the Medicare Appeals Council explains, a plaintiff may only seek judicial review of the ALJ's decision if the amount in controversy is $1,180 or more. 42 U.S.C. § 1395w-22(g)(5) (incorporating 42 U.S.C. § 1395ff(b)(1)(E)(iii), which states that judicial review shall not be available if the minimum amount in controversy is not met); 72 Fed. Reg. 73348-49 (Dec. 27, 2007) (stating that the minimum amount in controversy for 2008 is $1,180); *see, e.g.*, *Froehlich v. Leavitt*, No. CIV S-06-0810 DAD, 2008 WL 2397473, at *7-10 (E.D. Cal. June 11, 2008) (dismissing suit for failure to satisfy the minimum amount in controversy under 42 U.S.C. § 1395w-22(g)). Here, the amount in controversy is only $200. Therefore, Stokes does not meet the threshold requirement for a waiver of sovereign immunity to bring a civil action in district court against HHS, and thus his Complaint must be dismissed for lack of subject matter jurisdiction.

Furthermore, with respect to any claim against the SSA, Stoke's Complaint is devoid of

any facts or allegations indicating that he has exhausted his administrative remedies with SSA. Stokes complains that he is being denied certain "credits" by SSA, but there is no assertion that he has ever attempted to appeal his right to receive disability benefits or his right to receive whatever "credits" he purportedly lost.

On that score, 42 U.S.C. §§ 405(g)-(h) provide the exclusive jurisdictional basis for judicial review of SSA cases. 42 U.S.C. § 405(g) authorizes judicial review only of a "final decision of the Commissioner of Social Security made after a hearing." To obtain a final decision from the Commissioner, an individual must complete a four-step administrative review process, which includes an initial determination, reconsideration, a hearing before an ALJ, and an Appeals Council review. 20 C.F.R. §§ 404.900(a), 404.902, 404.907, 404.929, 404.967. If an individual fails to exhaust his administrative appeal rights, the administrative decision becomes binding, and judicial review is unavailable. 20 C.F.R. §§ 404.905, 404.921, 404.955, 404.981.

Not only has Stokes failed to present evidence that he exhausted his administrative appeal rights before SSA, but the Government has produced evidence indicating just the opposite – that is, the Declaration of Patrick Herbst, a representative of SSA, indicating that Stokes neither requested a hearing before an ALJ nor a review by the Appeals Council. (*See* Decl. of Patrick J. Herbst, Chief of Ct. Case Preparation and Review Branch 4 of the Office of Appellate Operations, Office of Disability Adjudication and Review, Social Security Administration ¶ 5.) Therefore, to the extent Stokes is seeking review of an SSA decision, this Court lacks subject matter jurisdiction on that front as well.

Therefore, regardless of whether Stokes is attempting to sue HHS or SSA, this Court

lacks subject matter jurisdiction over the contentions he asserts in his Complaint.[1]  Consequently, we will recommend that the district court GRANT the Government's motion to dismiss and that this action be dismissed without prejudice for lack of subject matter jurisdiction. *See generally Murray v. Conseco, Inc*., 467 F.3d 602, 605 (7th Cir. 2006) ("A dismissal for lack of subject matter jurisdiction is not on the merits.  'No jurisdiction' and 'with prejudice' are mutually exclusive." (citations omitted)).

### *D.  Conclusion*

For the foregoing reasons, the undersigned Magistrate Judge recommends that the Government's motion to dismiss be GRANTED and that the Plaintiff's Complaint be DISMISSED WITHOUT PREJUDICE FOR LACK OF SUBJECT MATTER JURISDICTION.

The Clerk is directed to send a copy of this Report and Recommendation to the *pro se* Plaintiff and to counsel for the Defendant.  NOTICE IS HEREBY GIVEN that within ten days after being served with a copy of this recommended disposition a party may serve and file specific, written objections to the proposed findings or recommendations. Fed. R. Civ. P. 72(b). FAILURE TO FILE OBJECTIONS WITHIN THE SPECIFIED TIME WAIVES THE RIGHT TO APPEAL THE DISTRICT COURT'S ORDER.

SO ORDERED.

Entered this 26th day of September, 2008.

/S/ Roger B. Cosbey
Roger B. Cosbey,
United States Magistrate Judge

---

[1] Furthermore, with respect to Stokes's complaints about any other administrative actions, including workers compensation disputes (*see* Resp. Br. 4), he likewise has failed to establish that the Court has subject matter jurisdiction over these allegations.