# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF INDIANA
# FORT WAYNE DIVISION

| | |
|---|---|
| CLARENCE A. STOKES, | ) |
| Plaintiff, | ) |
| v. | ) CAUSE NO.: 1:08-CV-90-TS |
| MICHAEL J. ASTRUE, COMMISSIONER OF SOCIAL SECURITY ADMINISTRATION, | ) |
| Defendant. | ) |

## OPINION AND ORDER

This matter is before the Court on a Motion to Dismiss [DE 10], filed by Defendant Commissioner of Social Security on August 8, 2008; a Motion for Default Judgment [DE 15], filed by the Plaintiff on September 5; and a Report and Recommendation of United States Magistrate Judge Roger B. Cosbey [DE 18], submitted on September 26.

## BACKGROUND

On April 8, 2008, Plaintiff Clarence A. Stokes, proceeding pro se, filed his Complaint [DE 1], naming "Michael J. Astrue of (Secretary) Health and Human Services" as the Defendant. According to the Complaint, the Plaintiff seeks judicial review of the Notice of Action of Medicare Appeals Council and the final decision of the secretary, referencing a March 11, 2008, Notice of Action, which is appended to the Complaint. The Complaint also makes allegations regarding a pension and an Indiana workers' compensation matter. From the materials appended to the Complaint, it appears that the Plaintiff sought review by the Medicare Appeals Council of an October 9, 2007, decision by an administrative law judge (ALJ). The ALJ's decision

addressed the authority of Aetna Life Insurance Company, a Medicare Advantage organization for Medicare Part C, to assess a deductible charge of $200 related to medical services the Plaintiff received at Parkview Hospital on February 27, 2007, through March 3, 2007. The Medicare Advantage plan received a bill for these medical services in excess of $40,000, paid the bill with the exception of the $200 deductible, and advised the Plaintiff that he was responsible for the $200 deductible under the plan. The Medicare Appeals Council found that the plan's assessment of the $200 deductible was supported by the law and the evidence in the case and determined that the ALJ correctly determined that the Plaintiff was financially responsible for the $200 co-payment/deductible. The Council thus denied the Plaintiff's request for review, and the ALJ's decision became the final decision of the Secretary of Health and Human Services.

On May 19, the Court referred this case to Magistrate Judge Cosbey for a Report and Recommendation on the Plaintiff's Complaint. On August 8, the Defendant filed his Motion to Dismiss [DE 10] and Memorandum in Support [DE 11]. In his Motion, the Defendant argues that the Court must dismiss this case for lack of subject matter jurisdiction because sovereign immunity has not been waived against the United States of America on behalf of either the Department of Health and Human Services or the Social Security Administration. On September 5, the Plaintiff filed a Response [DE 14], which included a Motion for Default Judgment [DE 15]. On September 15, the Defendant filed a Reply [DE 17].

On September 26, Magistrate Judge Cosby submitted his Report and Recommendation in which he recommended that the Defendant's Motion to Dismiss be granted whether the Plaintiff is attempting to sue the Department of Health and Human Services or the Social Security

Administration. On October 1, the Plaintiff filed an Objection to Report and Recommendation and Memorandum in Support of Objection [DE 19].[1]

**ANALYSIS**

**A.  The Plaintiff's Motion for Default Judgment [DE 15]**

Citing Federal Rule of Civil Procedure 55, the Plaintiff asks the Court to enter a default judgment against the Defendant. He argues that the Defendant had ninety days to answer the Plaintiff's Complaint and did not answer in the required time.

The Plaintiff filed his Complaint on April 8. On May 30, the Defendant requested an extension of time to answer the Complaint, and the Court granted that request, allowing the Defendant up to and including August 12 to respond. On August 8, the Defendant filed his Motion to Dismiss, and thus the Defendant responded to the Complaint within the requisite time period. As a consequence, the Defendant has not failed to plead or otherwise defend, and the Plaintiff's Motion for Default Judgment will be denied.

**B.  Magistrate Judge Cosbey's Report and Recommendation [18], and the Defendant's Motion to Dismiss [DE 10]**

Pursuant to 28 U.S.C. § 636(b)(1), the Court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." Because the Defendant has objected to the Magistrate Judge's Recommendation and Report, this Court must "make a de

---

[1] On October 6, the Plaintiff requested that the Court amend the title to the Objection he filed on October 1. For purposes of this Opinion and Order, the Court has adopt the title requested by the Plaintiff on October 6. With his October 6 submission, the Plaintiff also appended a February 2, 1998, letter he received from Ms. Cynthia Rockwell at Haller & Colvin, P.C.

3

novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1).

Because it is unclear from the Complaint and the materials attached to it whether the Plaintiff intended to institute an action against the Department of Health and Human Services or the Social Security Administration, Magistrate Judge Cosbey addressed both possibilities in his Report and Recommendation, and as a consequence, his recommendation that the Plaintiff's Complaint be dismissed is premised upon two grounds.

First, in the event the Plaintiff intended his Complaint to assert a claim against the Department of Health and Human Services, which includes the Medicare Appeals Council, the recommended dismissal is premised upon federal statutes and regulatory materials authorizing judicial review of an ALJ's decision if the amount in controversy is $1,180 or more. (Report & Recommendation [DE 18] at 4, citing 42 U.S.C. § 1395w-22(g)(5) (incorporating 42 U.S.C. § 1395ff(b)(1)(E)(iii)), 72 Fed. Reg. 73348-49 (Dec. 27, 2007), and *Froehlich v. Leavitt*, No. CIV S-06-0810 DAD, 2008 WL 2397473, at *7-10 (E.D. Cal. June 11, 2008).) Because the amount in controversy in the Plaintiff's Complaint is only $200, his claim fails to meet the threshold requirement, and thus Magistrate Judge Cosbey recommends dismissal for lack of subject matter jurisdiction.

Second, in the event the Plaintiff intended his Complaint to assert a claim against the Social Security Administration, the recommended dismissal is premised upon federal statutes and regulations authorizing judicial review only of a final decision of the Commissioner of Social Security made after a hearing. (Report & Recommendation [DE 18] at 5, citing 42 U.S.C. §§ 405(g)-(h) and 20 C.F.R. §§ 404.900(a), 404.902, 404.905, 404.907, 404.921, 404.929,

404.955, 404.967 & 404.981.) Because the Plaintiff has failed to present evidence showing that he has exhausted his administrative appeal rights before the Social Security Administration, and because the Defendant has produced evidence (the Declaration of Patrick J. Herbst, Chief of Court Case Preparation and Review Branch 4 of the Office of Appellate Operations, Office of Disability Adjudication and Review, Social Security Administration) indicating that the Plaintiff neither requested a hearing before an ALJ nor a review by the Appeals Council regarding any claim that he was denied certain "credits" or benefits by the Social Security Administration, subject matter jurisdiction is lacking, and thus Magistrate Judge Cosbey recommends dismissal for lack of subject matter jurisdiction.

The Plaintiff's Objection to the Report and Recommendation does not dispute specific portions of the Report and Recommendation or specified proposed findings or recommendations. In his Objection, the Plaintiff suggests that this case is related to a case (1:95-CV-359) that ended on February 13, 1997, when Judge William C. Lee entered an order granting a stipulation for dismissal with prejudice. The closest his Objection comes to disputing any specific findings or recommendations in the Report and Recommendation is the following claim regarding the amount in controversy:

> The amount in medical care expenses controversy at the present date is approximately over $140,000 (see details of new bill date 9/17/2008, MEDICARE name deleted from bill. Doctors bills related to this services is approximately $ 14,000 and connected to the cancer concealment,etc and conjunctive to the SSDF (see letter dates March 27, 2007 and read #10 and the last paragraph).

(Pl.'s Objection [DE 19] at 3.)

However, issues related to case number 1:95-CV-359 are outside the scope of the allegations in the Complaint. The September 17, 2008, bill appears to stem from a hospitalization

5

and services received by the Plaintiff on or about August 25, 2008, and thus the bill is unrelated to the issues presently pending before the Court in this matter regarding the ALJ's decision on the $200 deductible. Additionally, Paragraph #10 of the March 27, 2007, letter references issues related to the Indiana Insurance Commission, insurance policies regarding cancer concealment, damage it caused, initial damage allegedly done in 2002, Medicare payment, Chicago University Hospital bills, and a possible Aetna payment. These issues are not related to the action for judicial review asserted in the Plaintiff's Complaint, and none of these issues establish the subject matter jurisdiction of this Court over the Plaintiff's claim. As a consequence, the Plaintiff has not demonstrated any error in the finding of Magistrate Judge Cosbey that the amount in controversy in this matter is $200, the amount of his deductible.

The Plaintiff's Complaint requests judicial review and references the Notice of Action of Medicare Appeals Council on Request for Review. The Notice, which the Plaintiff has appended to the Complaint, states the statutory requirement that the amount in controversy must be $1180 or more to commence a civil action in a federal district court for review of the ALJ's decision, and it cites the relevant federal statute governing judicial review over such cases. The Action and Order of Medicare Appeals Council on Request for Review, which is also appended to the Plaintiff's Complaint, indicates that the issue addressed by the ALJ was the assessment of the $200 deductible. Based upon the Complaint (including the materials the Plaintiff attached to the Complaint), the Court finds that the amount in controversy is $200, which fails to meet the threshold requirement for seeking judicial review in this matter. 42 U.S.C. § 1395w-22(g)(5); 42 U.S.C. § 1395ff(b)(1)(E)(iii); 72 Fed. Reg. 73348-49 (Dec. 27, 2007).

Having reviewed the Plaintiff's Complaint, the Motion to Dismiss and the materials

6

submitted in support and in opposition, the Report and Recommendation submitted by Magistrate Judge Cosbey, the Objection of the Plaintiff, and the applicable standards, the Court will adopt the Report and Recommendation, accept the recommended disposition, and dismiss this case without prejudice.

## CONCLUSION

For the foregoing reasons, the Court DENIES the Plaintiff's Motion for Default Judgment [DE 15], ADOPTS the Report and Recommendation [DE 18], ACCEPTS the recommended disposition, GRANTS the Defendant's Motion to Dismiss [DE 10], and DISMISSES WITHOUT PREJUDICE the Plaintiff's Complaint for lack of subject matter jurisdiction.

SO ORDERED on October 31, 2008.

 s/ Theresa L. Springmann  
THERESA L. SPRINGMANN  
UNITED STATES DISTRICT COURT